**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AEROGROUP INTERNATIONAL, INC., | : | |
| | : | Civil Action No. 08-4217 (SDW) (MCA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| OZBURN-HESSEY LOGISTICS, LLC, | : | |
| OZBURN-HESSEY HOLDING | : | April 27, 2011 |
| COMPANY, LLC | : | |
| | : | |
| Defendants/Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DISTRIBUTION MANAGEMENT | : | |
| GROUP, INC., | : | |
| | : | |
| Third-Party Defendant, | : | |
| | : | |

**WIGENTON**, District Judge.

Before the Court are Plaintiff Aerogroup International, Inc. ("Plaintiff" or "Aerogroup")

and Third-Party Defendant Distribution Management Group, Inc.'s ("DMG") appeals of an non-

dispositive order entered by United States Magistrate Judge Madeline Arleo on August 12, 2010

granting Defendants/Third-Party Plaintiffs Ozburn-Hessey Logistics, LLC and Ozburn-Hessey

Holding Company, LLC's (collectively "OHL") application for attorneys' fees and costs and

OHL's cross-appeal of Magistrate Judge Arleo's order[1] denying its request for an order to show

cause and a hearing to further explore the reasons behind Aerogroup and DMG's failure to

produce the documents in question. Oral argument for these appeals and the cross-appeal was

heard on April 4, 2011. For the reasons discussed below, this Court grants Aerogroup and

---

[1] This is Docket Entry No. 177.

1

DMG's appeals and reverses Magistrate Judge Arleo's Order in part. However, this Court denies

OHL's cross-appeal and affirms Magistrate Judge Arleo's Order.

**PROCEDURAL HISTORY**[2]

On June 29, 2010, Magistrate Judge Arleo held a hearing on OHL's motion to compel

discovery and application to impose sanctions on Aerogroup and DMG. On that same day,

Magistrate Judge Arleo issued a ruling from the bench and granted OHL's motion to compel and

application for sanctions.  The Court awarded OHL reasonable attorneys' fees and costs related

to:  (1) OHL's  efforts to obtain discovery in a New York state action between Freight Brokers

Global Services, Inc. and DMG; (2) OHL's motion to compel that discovery against Aerogroup

and DMG; and (3) OHL's discovery of an investigation into the kickback scheme involving Sam

Nysembaum, Aerogroup's former employee.  Additionally, the Court ordered that OHL's

attorneys' fees and costs be split evenly between Aerogroup and DMG.  Docket Entry No. 198 at

2.  Although OHL submitted a fee application requesting attorneys' fees and costs in the amount

of $817,657.06, Judge Arleo reduced that amount and awarded $246,211.61.  Id. at 29.  The

Court's decision was memorialized in the August 12, 2010 Order.

Subsequently, on August 26, 2010 Aerogroup and DMG sought reconsideration of the

Court's August 12, 2010 Order imposing sanctions against them because of newly available

evidence and to prevent manifest injustice.  Docket Entry Nos. 180 and 181.  Magistrate Judge

Arleo denied Aerogroup and DMG's motions for reconsideration.  Docket Entry No. 198 at 4-5.

---

[2] Magistrate Jude Arleo's thorough November 15, 2010 Opinion, Docket Entry No. 198, provides a detailed factual background; therefore, this Opinion will not repeat the facts pertaining to the present appeals and cross-appeal.

**DISCUSSION**

    **A. Legal Standard**

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a). Pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1)(A), a magistrate judge's disposition on a non-dispositive motion may be modified or set aside if the ruling was "clearly erroneous or is contrary to law." See also 28 U.S.C. § 636(b)(1)(A); Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). On the other hand, an order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006).

    **B. Analysis**

        **a. Aerogroup and DMG's Appeals**

Federal Rule of Civil Procedure 16(f) authorizes sanctions for violations of pretrial orders. The Rule provides in relevant part that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Additionally, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable

expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Here, the Court is satisfied that Judge Arleo appropriately imposed sanctions against Aerogroup and DMG.  At the argument before Judge Arleo, counsel for DMG conceded that the documents were relevant and should have been produced.  Therefore, attorneys' fees, expenses and the waste of judicial resources could have been easily avoided.  However, the Court finds the $246,211.61 award of attorneys' fees and costs excessive under the circumstances.  While the Court appreciates that Judge Arleo's award is a drastic reduction from what OHL sought initially, that does not change the fact the award of $246,211.61 is still unreasonable.  Although the calculation of attorneys' fees and costs is "an inexact science," Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 267 (S.D.N.Y. 1995),  the amount awarded must still be reasonable.  Mosaid Techs. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 597 (D.N.J. 2004).

In support of its application OHL provided the following as the hourly rates for its counsel and support staff:

1.  Lowenstein[3] attorneys David Harris, Esq.[,] - $625, Samuel Santo, Esq.[,] - $500, and Thomas Dolan, Esq.[,] - $340; Lowenstein paraprofessionals Odin Medina - $160, Keith Campbell - $175, Aneela Suhail - $135, Christy Duff - $160, Marjorie Cross - $160 and Kathryn Taggart - $125;

2.  Bressler Amery attorney David Libowsky, Esq.[,] - $425;

3.  Bass Berry attorneys Michael Dagley, Esq.[,] - $405 and $450, Joshua Denton, Esq.[,] - $283.50 and $315, Erica Vick, Esq.[,] - $265, Erin Everitt, Esq.[,] - $235, Lucas Smith, Esq., - $211.50 and $235, Brian Iverson, Esq.[,] - $180, Charles Jarboe, Esq., - $180, Emoke Pulay, Esq.[,] - $180, J. Andrew Goddard, Esq.[,] - $430,

---

[3] Lowenstein is OHL's current local counsel.  Bressler Amery previously served as OHL's local counsel, and Bass Berry is OHL's out of state counsel.

John Dawson, Esq.[,] - $162 and $180, Sarah Bogni, Esq.[,] - $180; Bass Berry paralegals and litigation technology staff Barry Willms - $160.39, Beth McCaskill - $77.50, Barry Williams - $92.50, Callie Woosley- $92.50, Kerri Williams - $72.50, Karl Bridgers - $95, R. Matthew Gibson - $117.50, Sandra Ward - $130, Stephen Krell - $112.50, and Susan Bible - $77.50.

Docket Entry No. 198 at 12-13 (footnotes omitted).  OHL also submitted evidence on the hours its attorneys expended on the issuance of the subpoenas and attempting to obtain compliance. According to OHL, "Bass Berry expended 162.7 hours in attorney time amounting to $45,956.55; 7.5 hours of paralegal time amounting to $581.25; and 6.5 hours of a litigation technology specialist's time amounting to $1,042.55.  Id. at 20.

Although Magistrate Judge Arleo found that OHL's attorneys' rates were reasonable, Id. at 15, she concluded the number of hours spent Bass Berry and Bressler Amery spent from February 6, 2009 through June 22, 2009, was unreasonable and excessive.  Id. at 19.  For example, she found that "the work performed by . . . [Bressler Amery and Bass Berry] were duplicative, the hours spent on obtaining this particular third party discovery was excessive, and the work could have been accomplished with fewer attorneys and support staff."  Id.  Judge Arleo determined that Bass Berry had performed most of the work and Libowsky merely assisted the Bass Berry attorneys.  Consequently, Judge Arleo reduced his fees by sixty percent and awarded him $1,312.40 in fees and $642.47 in costs.  Id. at 28.  Additionally, Judge Arleo found that "Bass Berry expended an unreasonable number of hours and work performed by too many attorneys."  (Id. at 20.)  Judge Arleo specifically noted that "the legal issues related to the subpoenas were [neither] complex [n]or novel." Id.; see also id. at 23.  As a result, she reduced Bass Berry's fees by fifty percent.  Id. at 20, 28.

As to the hours Lowenstein and Bass Berry expended beginning June 24, 2009, Judge Arleo found that "a legal team of twenty-three to uncover, organize and analyze the discovery

5

withheld by Aerogroup and DMG . . . [wa]s excessive," id. at 21, and there were "countless examples of needless duplication of efforts." Id. at 22-23.  For instance, Judge Arleo noted that "[t]ogether, these two firms incredibly billed over 2,100 hours of work."  Id. at 22.  Judge Arleo provided a detailed breakdown of the work performed by Bass Berry and Lowenstein and how it was either excessive or unnecessary.  Id. at 21-27.  Judge Arleo then reduced Bass Berry and Lowenstein's total hours by half, disallowed reimbursement for certain expenditures and fees and awarded Bass Berry $144,133.17 in fees and $3,987.88 in costs and awarded Lowenstein $87,529.60 in fees and $8,606.38 in costs.   Id. at 24-28.

As stated previously, the Court recognizes that Judge Arleo's award is a significant reduction of what OHL sought.  However, the fees and costs submitted by OHL were extremely unreasonable.  Thus, a reduction in the amount sought, if not significant enough, may still be unreasonable.  As the Third Circuit has emphasized, the "principal concern is whether the time claimed is reasonable for the services performed."  Maldonado v. Houstoun, 256 F.3d 181, 185 (3d Cir. 2001).

Importantly, as Judge Arleo noted, this was merely a discovery matter and the legal issues involved were neither "complex [n]or novel."  Docket Entry No. 198 at 23.  OHL has not suffered any prejudice as a result of Aerogroup and DMG's actions.  This case is still in discovery and Aerogroup and DMG did not wait until the eve of trial to produce the documents. See Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2006) (affirming district court's award of $556,061 in attorneys' fees and costs because defendant did not produce the documents in a timely fashion and plaintiff was prejudiced by defendant's conduct).  Moreover, Aerogroup and DMG's conduct has not substantially affected OHL's "trial preparation strategy" or impacted OHL's "ability to develop its case."  Tracinda Corp., 502 F.3d at 242 (internal

quotations omitted).  There was no prior order on the documents OHL sought, and neither Aerogroup nor DMG had committed a prior infraction.  The docket in this case reflects that all parties have had numerous discovery issues which have required an inordinate amount of involvement with the Court.  Consequently, the Court finds that Judge Arleo's award of $246,211.61 under the circumstances was clearly erroneous.  The Court concludes that $10,000 is a reasonable award for attorneys' fees and costs in this matter.

Moreover, the record indicates that the documents OHL sought were primarily in DMG's possession.  Hence, most of OHL's attorneys' fees and cost were expended on DMG.  Therefore, it was clearly erroneous for Judge Arleo to split the fees and costs evenly between Aerogroup and DMG.  The Court finds that DMG is responsible for eighty percent (80%) of the award and Aerogroup is responsible for twenty percent (20%) of the award.

### b.  OHL's Cross-Appeal

OHL contends that Magistrate Judge Arleo erred in denying its request for an order to show cause and a hearing to explore further into the reasons and circumstances surrounding Aerogroup and DMG's failure to provide the subject documents.  This Court finds that Judge Arleo's decision was neither clearly erroneous nor contrary to law and the request was appropriately denied.  As previously noted, this case is still in discovery.  Any relevant inquiries may be addressed therein.

**IT IS** on this 27th Day of April, 2011,

**ORDERED** that Aerogroup and DMG's appeals of Magistrate Judge Arleo's August 12, 2010 Order are **GRANTED** in part; it is further

**ORDERED** that Magistrate Judge Arleo's August 12, 2010 Order is hereby

**REVERSED** in part; it is further

**ORDERED** that OHL's cross-appeal of Magistrate Judge Arleo's August 12, 2010 Order

is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Arleo's August 12, 2010 Order is **AFFIRMED** in

part.


s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**


cc:  Madeline Cox Arleo, U.S.M.J.