UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AEROGROUP INTERNATIONAL, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> OZBURN-HESSEY LOGISTICS, LLC, : <br> OZBURN-HESSEY HOLDING : <br> COMPANY, LLC : <br> : <br> Defendants/Third-Party Plaintiffs, : <br> : <br> v. : <br> : <br> DISTRIBUTION MANAGEMENT : <br> GROUP, INC., : <br> : <br> Third-Party Defendant. : <br> : | Civil Action No. 08-4217 (SDW) (MCA) <br><br> **OPINION & ORDER** <br><br> June 30, 2011 |

**WIGENTON**, District Judge.

Before the Court is Defendants/Third-Party Plaintiffs Ozburn-Hessey Logistics, LLC and Ozburn-Hessey Holding Company, LLC's (collectively "OHL") Motion for Reconsideration regarding the Court's April 27, 2011 Order ("Motion"). This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, this Court DENIES OHL's Motion.

**LEGAL STANDARD**

Motions for reconsideration are governed by L. Civ. R. 7.1. In order for a court to alter or amend a judgment, the party seeking reconsideration must establish one of the following: "(1)

1

an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest justice." Max's Seafood Cafe by Lou-Ann, Inc. v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is granted sparingly as it is considered an extraordinary remedy. J.J.C. Boats, Inc. v. Hlywiak, 573 F. Supp. 2d 871, 873 (D.N.J. 2008). Therefore, such a motion will be granted where "dispositive factual matters or controlling decisions of law" were previously presented to but not considered by the court. Ivan v. Cnty. of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2009). However, a motion for reconsideration will not be granted where the moving party is simply seeking to set forth the reasons why it disagrees with the court's decision or is asking "the court to analyze the same facts and cases it had already considered in reaching its original decision." Tehan v. Disability Mgmt. Services, 111 F. Supp. 2d 542, 549 (D.N.J. 2000).

**DISCUSSION**

OHL argues that this Court erred by "(1) failing to explain in detail why Judge Arleo's award was 'clearly erroneous' and (2) failing to provide any basis whatsoever for why $10,000 constitutes a reasonable fee." (OHL's Br. 3.) To the extent OHL is unclear as to how the Court arrived at the sanction figure of $10,000, further clarification will be provided. As already stated, the issues in this case are not novel and the matter is still in the discovery phase. Given the nature of the infraction by DMG and to a lesser extent by Aerogroup, the status of the litigation, this Court's familiarity with the issues, the absence of a violation of a court order and the absence of prejudice to OHL, $10,000 is a fair and adequate sanction. This amount is imposed irrespective of OHL's protestations for the need to incur attorney's fees and expenses in excess of $800,000. A sanction was appropriate for all of the reasons outlined by Judge Arleo in

her November 15, 2010 Opinion.  However, the sanction imposed at that time, in the amount of $246,211, was excessive and not commensurate with the facts and circumstances.  The Court declines to further address the arguments raised by OHL.

A motion for reconsideration cannot be based merely on a party's disagreement with the court's conclusions.  OHL has not set forth any new information or evidence overlooked by the Court.  Reconsideration is "extraordinary" and not warranted in this case.  <u>J.J.C. Boats, Inc.</u>, 573 F. Supp. 2d at 873.  The Court's Order of April 27, 2011 stands.

For these reasons,

**IT IS** on this 30th Day of June, 2011,

**ORDERED** that OHL's Motion is **DENIED.**

<u>s/ Susan D. Wigenton</u>
**Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.

3